UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

---

JAMES R. SKRZYPEK,                                    Civil No. 08-6111 (ADM/SRN)

        Petitioner,

   v.                                                            **REPORT AND**
                                                                     **RECOMMENDATION**

M. CRUZ, Warden,

        Respondent.

---

This matter is before the undersigned United States Magistrate Judge on Petitioner's

application for habeas corpus relief under 28 U.S.C. § 2241.  The case has been referred

to this Court for report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule

72.1.  For the reasons discussed below, it is recommended that this action be summarily

dismissed pursuant to Rule 4 of The Rules Governing Section 2254 Cases In The United

States District Courts.[1]

## I.    BACKGROUND

Petitioner is an inmate at the Federal Prison Camp in Duluth, Minnesota.  He is

serving a federal prison sentence that was imposed in 2005 in the Northern District of

Illinois.  (Petition, [Docket No. 1], p. 2.)  Petitioner is not presently challenging the validity

of the conviction or sentence for which he is currently incarcerated.  Instead, he is seeking

---

[1]  Rule 4 provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."  Although The Rules Governing Section 2254 Cases are most directly applicable to habeas petitions filed by state prisoners pursuant to 28 U.S.C. § 2254, they also may be applied to habeas cases brought under 28 U.S.C. § 2241.  Rule 1(b); Mickelson v. United States, Civil No. 01-1750 (JRT/SRN), (D.Minn. 2002), 2002 WL 31045849 at *2; Bostic v. Carlson, 884 F.2d 1267, 1270, n.1, (9th Cir. 1989); Rothstein v. Pavlick, No. 90 C 5558 (N.D.Ill. 1990), 1990 WL 171789 at *3.

an order that would compel the federal Bureau of Prisons, ("BOP"), to assign him to a

"Residential Re-entry Center," (sometimes referred to as an "RRC" or "half-way house"),

and then place him on "home confinement."

Petitioner's current habeas corpus petition presents only a single claim for relief,

which, repeated verbatim and in its entirety, is as follows:

> "Failure of the BOP to reduce the term of Petitioner's confinement to conform
> with provisions of the Second Chance Act of 2007, approved April 9th, 2008,
> (Pub.L. 110-199; 122 stat. 657) ("Second Chance Act").

(Petition, p. 3, ¶ 9.)

Petitioner has attached a one-page exhibit to his petition, which appears to be a

decision from the Central Office of the BOP, issued in response to Petitioner's request for

an administrative remedy.  The exhibit shows that Petitioner wants the BOP to transfer him

to an RCC for six months, and then place him on home confinement for twelve months.

The exhibit also shows that the BOP has not yet determined if or when Petitioner might be

transferred to an RRC or home confinement, because he is not yet close enough to the end

of his sentence.  Petitioner was advised that his RRC placement would be reviewed by his

prison "unit team" between 17 and 19 months before his projected release date.

A website maintained by the BOP, (www.bop.gov), shows that Petitioner is currently

scheduled to be released from prison on November 14, 2011.  Thus, the BOP presumably

will determine Petitioner's eligibility for an RRC assignment and/or home confinement

sometime between April 14, 2010, and June 14, 2010, (i.e., 17 to 19 months before his

projected release date).  Petitioner apparently is dissatisfied with the BOP's plans for

determining when he will be transferred to an RRC or home confinement.

## II.    DISCUSSION

RRC assignments are governed by 18 U.S.C. § 3624(c)(1), which provides that:

"The Director of the Bureau of Prisons shall, to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community.  Such conditions may include a community correctional facility."

Home confinement assignments are governed by 18 U.S.C. § 3624(c)(2), which provides that:

"The authority under this subsection may be used to place a prisoner in home confinement for the shorter of 10 percent of the term of imprisonment of that prisoner or 6 months."

Section 3624 was recently amended by the "Second Chance Act of 2007."  The amended statute, (quoted above), became effective on April 9, 2008.

The amended statute requires the BOP to issue new regulations designed to ensure that RRC assignments are "(A) conducted in a manner consistent with section 3621(b) of this title;[2] (B) determined on an individual basis; and (C) of sufficient duration to provide the

_____

[2] 18 U.S.C. § 3621(b) provides that:

"The Bureau of Prisons shall designate the place of the prisoner's imprisonment.  The Bureau may designate any available penal or correctional facility that meets minimum standards of health and habitability established by the Bureau, whether maintained by the Federal Government or otherwise and whether within or without the judicial district in which the person was convicted, that the Bureau determines to be appropriate and suitable, considering --
      (1) the resources of the facility contemplated;
      (2) the nature and circumstances of the offense;
      (3) the history and characteristics of the prisoner;
      (4) any statement by the court that imposed the sentence--
      (A) concerning the purposes for which the sentence to imprisonment was determined to be warranted; or

greatest likelihood of successful reintegration into the community." 18 U.S.C. § 3624(c)(6). To comply with this statute, the BOP has adopted a set of interim rules, which became effective October 21, 2008. 28 C.F.R. §§ 570.20 -.22. Both the statute and the rules direct the BOP to determine "on an individual basis" how much time, (if any), each federal prisoner should spend at an RRC.[3] The statute and the rules set a maximum amount of time that a prisoner can spend at an RRC, (not more than twelve months), but they do not set any minimum amount of time that a prisoner must spend at an RRC. <u>See</u> 28 C.F.R. § 570.21(a) ("Inmates may be designated to community confinement as a condition of pre-release custody and programming during the final months of the inmate's term of imprisonment, <u>not to exceed</u> twelve months.") (emphasis added).

The statute and the rules also set a maximum amount of time that a prisoner can spend in home confinement, which is six months. <u>See</u> 28 C.F.R. § 570.21(b) ("Inmates may be designated to home detention as a condition of pre-release custody and programming during the final months of the inmate's term of imprisonment, <u>not to exceed</u>

---

(B) recommending a type of penal or correctional facility as appropriate; and
(5) any pertinent policy statement issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28.

In designating the place of imprisonment or making transfers under this subsection, there shall be no favoritism given to prisoners of high social or economic status.  The Bureau may at any time, having regard for the same matters, direct the transfer of a prisoner from one penal or correctional facility to another....

[3]  28 C.F.R. § 570.22 provides that "Inmates will be considered for pre-release community confinement in a manner consistent with 18 U.S.C. section 3621(b), determined on an individual basis, and of sufficient duration to provide the greatest likelihood of successful reintegration into the community, within the time-frames set forth in this part."

<u>the shorter of</u> ten percent of the inmate's term of imprisonment or six months.") (emphasis added).

In this case, Petitioner seems to believe that the BOP should <u>immediately</u> decide when he will be transferred to an RRC and/or home confinement. He also seems to believe that he should be transferred to an RRC or home confinement at the earliest possible date, regardless of how the BOP might assess his individual need for RRC or home confinement. However, Petitioner has not shown that the BOP has any legal obligation to immediately decide when (or whether) he will be transferred to an RRC or home confinement; nor has he shown, (or even suggested), that the process used to determine his transfer date violates any statute, regulation or constitutional principle.

To obtain a writ of habeas corpus, Petitioner must show that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Petitioner's current habeas corpus petition does not identify anything illegal or unconstitutional about the BOP's procedure for determining when he should be assigned to an RRC or home confinement. The petition states only that the BOP has failed "to reduce the term of Petitioner's confinement to conform with the provisions of the Second Chance Act of 2007." This conclusory assertion will not suffice.

The exhibit attached to the current petition shows that the BOP intends to wait until Petitioner gets closer to the end of his sentence before making a decision on his assignment to RRC or home confinement. The BOP has indicated that it intends to make a decision on the issue in a timely manner, and that its decision will be based on the various criteria prescribed by the applicable statutes. The BOP has expressly confirmed that it will consider Petitioner's individual circumstances, and select an RRC or home

5

confinement date that is best suited for his particular situation.  In other words, the BOP has said that it intends to do precisely what the applicable law requires it to do.

As far as the Court can tell, Petitioner simply does not want to wait until he reaches the last 17 to 19 months of his sentence to find out about his RRC or home confinement placement; he wants a favorable decision on that issue now.  However, Petitioner has not shown that the BOP has any duty, under federal law or the Constitution, to grant a favorable (or unfavorable) decision on his RRC or home confinement placement at this time.  Therefore, Petitioner has failed to present a claim for which a writ of habeas corpus could be granted.

## III.    RECOMMENDATION

Based on the foregoing, and all the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

1. Petitioner's application for habeas corpus relief under 28 U.S.C. § 2241, (Docket No. 1), be DENIED; and

2.  This action be summarily DISMISSED WITH PREJUDICE.

Dated:    November 24, 2008

 s/ Susan Richard Nelson
SUSAN RICHARD NELSON
United States Magistrate Judge

Under D. Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **December 9, 2008,** a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections.  Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.  This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable to the Circuit Court of Appeals.