UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

James R. Skrzypek,

                Petitioner,         **MEMORANDUM OPINION
                                           AND ORDER**
vs.                                                  Civil No. 08-6111 ADM/SRN

M. Cruz, Warden,

                Respondent.

_____

James R. Skrzypek, pro se.

Gregory G. Brooker, Esq., Assistant United States Attorney, Minneapolis, MN, on behalf of the Respondent.

_____

## I. INTRODUCTION

This matter is before the undersigned United States District Judge to consider Petitioner James R. Skrzypek's ("Petitioner") Objection [Docket No. 5] to Magistrate Judge Susan R. Nelson's Report and Recommendation ("R&R"). The R&R recommends that Petitioner's Petition for Writ of Habeas Corpus [Doc. No. 1] be denied. For the reasons set forth below, the Objection is overruled, the R&R is adopted, and the Petition is denied.

## II. BACKGROUND

Petitioner is currently serving a federal sentence at the Federal Prison Camp in Duluth, Minnesota. Petition at 2. He seeks an order compelling the Bureau of Prisons ("BOP") to assign him to a "Residential Re-entry Center" ("RRC") (sometimes referred to as a half-way house) and then place him on home confinement. Id. at 8. The sole ground for his Petition is the alleged "[f]ailure of the BOP to reduce the term of Petitioner's confinement to conform with the

provisions of the Second Chance Act of 2007, approved April 9th, 2008, (Pub.L. 110-199; 122 stat. 657) ("Second Chance Act")." Id. at 3.

The basis of his challenge is a single page decision of the Administrator for the National Inmate Appeals for the BOP, that denies the request for an administrative remedy. Id. at 8. Petitioner requested a six month placement in an RRC and twelve months in home confinement. Id. The decision informs Petitioner that in accordance with the Second Chance Act, recommending an RRC involves a consideration of five factors and that because his release date is November 14, 2011, a review for an RRC placement would be conducted by his "unit team between 17 and 19 months of your projected release date." Id. Petitioner seeks an order directing the BOP to consider his case sooner than the 17 to 19 month period. Objection at 3. He cites his age, health problems, and model conduct as factors demanding an immediate determination. He has also submitted Exhibits [Doc. No. 9] documenting his special medical considerations.

### III.  DISCUSSION

In reviewing an R&R, the district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); see also D. Minn. LR 72.2(b). A district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." Id.

Petitioner does not contest the fact or duration of his sentence but instead brings his habeas petition pursuant to 28 U.S.C. § 2241, challenging the BOP decision setting a timetable for considering his request for RRC and home-confinement placement. RRC assignments are

covered by 18 U.S.C. § 3624(c)(1), which provides:

> The Director of the Bureau of Prisons shall, to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community. Such conditions may include a community correctional facility.

As amended by the Second Chance Act, the BOP was required to issue new regulations ensuring that RRC placements are "(A) conducted in a manner consistent with section 3621(b)[1] of this title; (B) determined on an individual basis; and (C) of sufficient duration to provide the greatest likelihood of successful reintegration into the community." 28 U.S.C. § 3624(c)(6). BOP adopted these new regulations, codified at 28 C.F.R. §§ 570.20-.22, effective October 21, 2008. Both the statute and the rule direct the BOP to make a determination on the amount of time a prisoner should spend in an RRC "on an individual basis." 28 U.S.C. § 3624(c)(6); 28 C.F.R. §

---

[1] 28 U.S.C. § 3621(b) provides:

> The Bureau of Prisons shall designate the place of a prisoner's imprisonment. The Bureau may designate any available penal or correctional facility that . . . the Bureau determines to be appropriate and suitable considering–
>     (1) the resources of the facility contemplated;
>     (2) the nature and circumstances of the offense;
>     (3) the history and characteristics of the prisoner;
>     (4) any statement by the court that imposed the sentence–
>         (A) concerning the purposes for which the sentence to imprisonment was determined to be warranted; or
>         (B) recommending a type of penal or correctional facility as appropriate; and
>     (5) and pertinent policy statement issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28. . . .
>
> The Bureau may at any time . . . direct the transfer of a prisoner from one penal or correctional facility to another . . . .

570.22.

Petitioner insists that the BOP make a determination of his potential RRC placement immediately. He contends that the "boilerplate response from the BOP of consideration to a request at, or exceeding RRC and home confinement for a period of 17-19 months is not considered on an individual basis." Objection at 3. Citing <u>Rodriguez v. Smith</u>, 541 F.3d 1180 (9th Cir. 2008), Petitioner claims that section "3624(c) has no bearing on whether a[n RRC] may be considered as a place of imprisonment <u>at some earlier point in the prisoner's period of incarceration</u>." Objection at 4.

Petitioner's argument is unavailing. <u>Rodriguez</u> is inapposite. In <u>Rodriguez</u>, the Ninth Circuit followed the lead of several other circuits, including the Eighth Circuit, in declaring that the BOP's policy of categorically limiting "inmates' community confinement to the last ten percent of the prison sentence being served, not to exceed six months" is in contravention of § 3621(b). 541 F.3d at 1187; <u>see</u> <u>also</u> <u>Fults v. Sanders</u>, 442 F.3d 1088 (8th Cir. 2006). The court found that the policy contradicted the clear language in the statute that required decisions on RRC placement be made on an individual basis after considering the enumerated factors. <u>Id.</u> at 1189. The problem addressed in <u>Rodriguez</u> has been cured by the new regulations promulgated by the BOP because the policy now mandates individual consideration based on the § 3621(b) factors. Therefore, Petitioner has a claim only if he was denied an individual consideration in violation of the new regulations.

While Petitioner characterizes the BOP's decision to wait until he has 17 to 19 months left in his sentence as a "boilerplate" rejection of his request, there is no evidence that the BOP did not make an individualized determination in his case.

Petitioner's own Objection belies his argument, he admits that his case manager informed him that by the BOP's calculations, he "only had six months coming [on RRC] and nothing else." Objection at 2.  His case manager's statement about the duration of his potential RRC time demonstrates that the BOP made, and will continue to make, an individualized assessment of his situation based on the § 3621(b) factors.  Additionally, the statute requires only that BOP make an individualized assessment; it does not mandate *when* such an assessment must be made.  Accordingly, the Petition is denied.

## IV.  CONCLUSION

Based upon the foregoing, and all of the files, records and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Petitioner James R. Skrzypek's Objection [Doc. No. 5] is **OVERRULED**;

2. The R&R [Doc. No. 2] is **ADOPTED**; and

3. Petitioner's Petition for Writ of Habeas Corpus [Doc. No. 1] is **DENIED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

BY THE COURT:


    s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated:  February 24, 2009.